PEOPLE v. MURPHY.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. MANSLAUGHTER—NEGLIGENCE—INDICTMENT—DEATH—CAUSAL CONNECTION.

An indictment for manslaughter, caused by negligence, alleged that defendant willfully interfered with the mechanism whereby a certain live electric arc light with current-charged wires thereto attached could be lowered from their usual safe positions to points unsafe and dangerous, and that defendant, by such loosening, etc., so caused such current-charged wires to become so lowered, and that deceased came in contact with such wires, and that he was then and thereby killed. *Held*, that the words "was then and thereby killed" should be construed as referring not only to the allegation immediately preceding, but also to the prior allegation that defendant caused the light and wires to be lowered, etc., and that the indictment was therefore not objectionable for failure to allege that decedent's death ensued in consequence of defendant's act.

2. SAME—TIME.

Code Cr. Proc. § 280, provides that the precise time at which a crime was committed need not be alleged, except where time is a material ingredient of the offense; and section 284 declares that an indictment is sufficient if it would be understood therefrom that the crime was committed at some time prior to the finding of the indictment. *Held*, that where an indictment for manslaughter caused by negligence alleged that such negligence occurred on the 27th day of November, 1902, and that subsequently deceased was killed by reason thereof, such allegation was tantamount to the averment that decedent was killed on the same day.

Appeal from Richmond County Court.

James Murphy was indicted for manslaughter in the second degree, and from a judgment sustaining his demurrer to the indictment the people appeal. Reversed.

The indictment which was held to be insufficient upon the demurrer was as follows: "The grand jury of the county of Richmond, by this indictment, accuse James Murphy of the crime of manslaughter in the second degree, committed as follows: The said James Murphy, late of Linoleumville, in the

Third Ward of the borough of Richmond, city of New York, and in the county of Richmond aforesaid, on or about the twenty-seventh day of November, in the year of our Lord one thousand nine hundred and two, at the place and county aforesaid, for that the said James Murphy did on the day aforesaid wilfully and feloniously break, loosen, disengage, or otherwise wilfully and feloniously interfere with the rigging, mechanism and physical apparatus, whereby a certain live electric arc light and the current-charged wires thereto attached, situated on the Richmond Turnpike in said county and near Linoleumville, could be lowered from their usual safe positions to points unsafe and dangerous; and that the said James Murphy by such breaking, loosening, disengaging or interfering did so cause the said current-charged wires and live electric arc-light to become lowered from their usual safe positions; and that subsequently one August Klein did come in contact with said live arc-light or wires so lowered, and that he was then and thereby killed. The said act having been committed by the said James Murphy without a design to effect death, but by his act, procurement or culpable negligence against the form of the statute in such case made and provided, and against the peace of the people of the state of New York, and their dignity."

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Edward Sidney Rawson, Dist. Atty., for the People.
Thomas C. Brown, for respondent.

WILLARD BARTLETT, J. No opinion was written by the learned county judge in allowing the demurrer in this case. The argument before us, however, indicates that it was deemed fatally defective in two respects: (1) Because it failed to set forth any causal connection between the negligent act of the defendant and the death of the alleged victim; and (2) because it did not sufficiently fix the time when the alleged victim was killed by coming in contact with the electric wire. The respondent insists that it is indispensably necessary in an indictment for negligently causing the death of a person to aver that the death ensued in consequence of the defendant's negligent act; and in support of this proposition he cites Wharton on Criminal Law (10th Ed.) § 1580; State v. Wimberly, 3 McCord, 190; State v. Blan, 69 Mo. 317; and 41 Tex. 496, and 85 N. C. 581, without naming the cases. He quotes Wharton as saying:

"To sustain a conviction for a crime produced by a negligent act, a causal connection must be alleged and established between the act and the result."

These are not the exact words of that author in section 1580 of the tenth edition, as found in the library of this court. The passage cited, as it appears in our edition, reads as follows:

"To sustain a conviction for a crime produced by negligence, a causal connection, under conditions which have been already set forth, must be established between the negligence and the crime."

It will be observed that the word "alleged," which appears in the brief for the respondent, does not appear here. It is undoubtedly true, however, that some of the cases cited in support of the judgment on this demurrer hold that in indictments for murder and manslaughter it is indispensably necessary to state that the death ensued in consequence of the act of the defendant. But, as was said by the Supreme Court of South Carolina in asserting this rule in State v. Wimberly, supra:

"The pleader is not confined to any precise phraseology, except when technical words are necessary in the description to give character to the offense. It is sufficient if the idea is clearly and distinctly expressed, for neither clerical nor grammatical errors will vitiate, unless they change the word or obscure the meaning."

It is not necessary to do more, however, than to allege the substantive facts necessary to be proved. State v. Blan, supra. As to the Texas and North Carolina cases cited in the respondent's brief, I can find nothing at the pages respectively indicated which has any possible bearing upon the questions at issue here.

It must be admitted that it would have been better pleading to allege in this indictment in express terms that the death of August Klein occurred as a result or in consequence of the act of the defendant, James Murphy, in causing the current-charged wires and live electric arc light to become lowered from their usual safe position. I am of opinion, however, that, notwithstanding the omission of such express terms, the fair meaning and intendment of the language used by the pleader is equivalent, in effect, to such an averment. The allegation that Klein "was then and thereby killed" may be so construed, I think, as to regard the word "thereby" as qualifying not only the immediately preceding allegation, but also the prior allegation that the defendant caused such arc light and wires to become lowered from their usual safe position; that is to say, the meaning is that Klein was killed by reason of the lowering of the light and wires, followed by his subsequent contact therewith.

As to the question of time, the contention is that the averment that "subsequently one August Klein did come in contact with said live arc light or wires so lowered" is not a statement of the time when the crime was committed with the certainty required by law. People v. Stocking, 50 Barb. 573, 586. The existing rule on the subject, however, is prescribed by the Code of Criminal Procedure, which provides in section 280 as follows:

"The precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the crime."

Section 284 of the same Code further provides that the indictment is sufficient if it can be understood therefrom "that the crime was committed at some time prior to the finding of the indictment." See People v. Jackson, 111 N. Y. 362, 369, 19 N. E. 54. This indictment complies with these statutory requirements so far as the allegation of time is concerned, and cannot be deemed insufficient in that respect. Indeed, I think that the allegation near the beginning of the charging portion, alleging the acts of the defendant to have been done on or about the 27th day of November, in the year of our Lord 1902, may well be regarded as qualifying all that follows, so that the allegation that subsequently Klein came in contact with the lowered arc light or wires and was killed is tantamount to an averment that his death was caused subsequently on the same day.

If these views are correct, it follows that the judgment appealed from should be reversed, and the demurrer disallowed. All concur.